UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dilio Antonio Escarria-Montano, )
)
    Plaintiff, )
)
v. ) Civil Action No. 10 1359
)
United States of America *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION AND ORDER

This matter, brought *pro se* by a federal prisoner, is before the Court on its initial review of the complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen a prisoner's complaint and dismiss it or any portion thereof upon a determination that the complaint fails to state a claim upon which relief can be granted. For the following reasons, the Court will dismiss the complaint against all of the named defendants except the United States.

Plaintiff sues the United States and Attorney General Eric Holder, Jr., the Department of the Navy and Defense Secretary Robert M. Gates, the Bureau of Prisons and Director Harley G. Lappin[1], the Department of Health and Human Services and Surgeon General Regina Benjamin, and the "Judiciary Branch" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350. Plaintiff fails to provide any notice of a claim against the judiciary. *See* Compl. ¶ 8 (stating that "[d]efendants, Judiciary Branch, and John Glover Roberts, Jr - Chief Justice of USA

---

[1] Plaintiff mistakenly lists this defendant as Harry G. Lappin.

and addition to certain types of subject matter with residual grant or exclusive jurisdictional authority to decide civil and criminal actions. . . ."); *id* ¶ 52 (accusing the judiciary branch of "using Constitutional Avoidance for the United States relating to having a Trial-By-Jury of the Plaintiff's Columbian National Peers . . . .").

In addition, this Court has a "duty . . . to stop insubstantial *Bivens* actions in their tracks and get rid of them." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 370 (D.C. Cir. 1997) (citations omitted). A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff has stated no facts supporting claims against the high-level agency officials in their personal capacities, *see* Compl. ¶¶ 4-7, and the claims against them in their official capacities are in essence against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, it is

ORDERED that pursuant to 28 U.S.C. § 1915A(b)(1), the complaint against the Judiciary Branch and defendants Eric H. Holder, Robert M. Gates, Harley G. Lappin and Regina Benjamin in their individual capacities is DISMISSED; and it is

FURTHER ORDERED that the Clerk shall terminate the dismissed defendants, open this civil action as brought only against the United States and randomly assign it to a district judge for further proceedings. A separate Order granting plaintiff's motion to proceed *in forma pauperis* will issue contemporaneously.

_____
United States District Judge

Date: August *17*, 2010